[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action was commenced and came to a contested hearing on the first count of a revised complaint CT Page 9315 dated May 3, 1990 wherein the plaintiffs David Hanson, et al alleged that they were the owners of certain real estate in the town of East Hampton on the east side of a highway known as Town Farm Road. The defendant, John Thomas et al, also owned property on the east side of Farm Road adjacent to the property of the plaintiffs. The dispute essentially between the parties is over the ownership of a certain undefined piece of parcel of land located on the one hand on land claimed owned by the plaintiffs and on the other hand, on land claimed owned by the defendant. Each of these claims is preferred to the court with evidence of surveys, map and deeds of title, in which each lays claim to the fee interest in this disputed parcel of land. Said parcel is comprised of approximately 13 to 20 acres of land. This whole area of the East Hampton real estate is criss-crossed by fences and stone walls and many of the bounds that are referred to in old maps and deeds no longer exist.
The defendant has filed an answer and special defense and counter claim wherein it is asserted that the disputed piece or parcel of land claimed by the plaintiffs has in fact been confirmed unto the defendant by virtue of his adverse possession of all or a portion of said disputed premises. This claim of adverse possession is postured by of special defense and counter claim, and claimed as affirmative relief on behalf of the defendants in the pleadings.
Each of the parties has offered extensive evidence in connection with and in support of their respective claims of record title and the defendant's claim of adverse possession.
The core issue or nub of the dispute herein, as said dispute relates to claims of ownership based upon record title and the location of the land described in said record claims of title, is the exact location of a certain boundary line established by two brothers in 1834 who divided the land as of record appears.
The plaintiffs had provided extensive testimony through their surveyor which claims a certain location of this 1834 line.
The defendants have pro-offered testimony concerning the location of this 1834 land through their surveyor and various exhibits.
The expert witnesses as retained and presented by each of the parties have done extensive field work and record work and projection work in connection with furthering the CT Page 9316 claims of their respective clients. The difficulties presented generically are that this court is not satisfied by the requisite standard that the various fences and bounds located on the property and used by Mr. Kirkup in connection with his analysis and conclusions are those referred to in the title deeds and maps upon which he relied. Similarly, with respect to the expert pro-offered by the defendant this court is not satisfied that his theory of the lost or missing acreage for a period of time is sufficient to sustain the defendants' burden of proof with respect to its record claims as to the location of the property described in their deeds of title.
Each surveyor makes assumptions with respect to referencing stone walls and/or fences from pictures, deeds and/or maps. There are and were so many walls, rocks and piles that the said conclusions drawn with reference to them are painfully tortured and rest upon speculations. For these reasons they do not assist the parties in sustaining their respective burdens of proof.
This court concludes after an extensive survey of the testimony and the exhibits that each of the parties has failed to sustain its burden of establishing by a fair preponderance of the evidence the location of this 1834 line. Thus, the question of the physical location of the deed boundary line between these two premises remains unascertained and unlocated as a result of this hearing.
The court next proceeds to the claim of adverse possession on behalf of the defendant.
With respect to the defendant's claim of ownership of a portion of the property by virtue of adverse possession, from the evidence the court concludes that from 1970, when the defendant acquired the premises, through 1976 or 1977 the defendant made extensive use of the area designated as the north pasture up to an area beyond the ponds in this section. During this period of time said use was mostly in conjunction with the keeping up with the ponds and the sedimentation pond and the pasturing and horse use of the property. Thereafter, and during this period of time, he cleared the area continually. He dredged the pond, he mowed the areas and otherwise kept them up with the usage to which he was putting them and in accordance with his claim of ownership thereof. During two or three years in this period of time he maintained grape arbors on this portion of the property. The defendant further planted hemlock trees along the front or road boundary of this parcel of land and had planned autumn olives in the area. He CT Page 9317 made other general uses of this whole area of land by virtue of locating a vegetable garden from the period 1970 through 1987 or 1988, allowed club hunting in the area, allowed his children and others to do skeet shooting over this parcel of land, planted trees and cut trees in the area, cut wood for fuel in his house, cleared portions of the land. During a portion of this time Shandell, the owner of the adjacent parcel assisted him in some of these activities.
In addition, he erected cedar post fencing, an electrical fencing in the area in conjunction with his horse usage of this and, early on, the defendant and his father had laid a flag line along what was described to them as being the boundary of his property.
During this whole period of time the court finds that no one questioned the defendant's use of this land and he exercised dominion and control over it in an open and obvious manner and in such a way as to be a notorious user with respect to anyone else's claim of ownership of the property.
This court is satisfied that the defendant has established a title by adverse possession to that piece or parcel of land as delineated on exhibit LL with overlay exhibit OO as marked out on the overlay by the use of black x's and v's.
Accordingly, the court renders judgment for the defendant on the amended complaint of the plaintiff and accordingly denies the plaintiffs' request for relief on the grounds that the evidence fails to provide a sufficient and legal basis therefor.
With respect to the defendant's counter claim and claims for relief to the extent that they quiet deed title to the property, the court finds that the evidence is insufficient to provide an adequate basis for the court to grant to the defendant this relief requested and it is therefor denied.
On the claim of relief for the defendant for title to a portion of the premises by adverse possession judgment is entered in favor of the defendant as aforesaid to the generally described parcel of land, which parcel shall be more definitively set forth by this court in a supplemental judgment which the court retains jurisdiction to enter and directs that the defendant at his expense to cause David Bascom to survey said parcel of land as outlined by the court as shown on exhibit LL and OO and provide to this CT Page 9318 court within 60 days a description which the court may utilize in entering its supplemental judgment declaring title of said more specifically defined parcel of land in the defendant by adverse possession.
It is so ordered.
HIGGINS, J.